IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01999-GPG

HAROLD J. NICHOLSON,

    Plaintiff,

v.

JOHN O. BRENNAN, Director, Central Intelligence Agency (CIA),
LORETTA LYNCH, US Attorney General, and
TWO UNKNOWN CIA EMPLOYEES,

    Defendants.

## ORDER TO AMEND

On September 11, 2015, Plaintiff Harold J. Nicholson filed a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 28 U.S.C. § 1331, the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 et seq., 702, and 706(2)(A)(B) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   Plaintiff has been granted leave to proceed pursuant to § 1915.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a pro se litigant.   *See Hall*, 935 F.2d at 1110.   Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The supporting allegations for Plaintiff's claims are repetitive statements of events that have taken place since he was placed in the Special Administrative (SAM) program in 2011. Plaintiff does not provide a short and plain statement that demonstrates he is entitled to relief.

Plaintiff does not identify who specifically violated his rights. Each claim must identify a named defendant that personally participated in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in each identified claim how a named individual was responsible for the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the

alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492   F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).   Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."   *Id.* at 1199.

Finally, Plaintiff may use fictitious names, such as Unknown CIA Employees, if he does not know the real names of the individuals who allegedly violated his rights. Plaintiff, however, must provide sufficient information, i.e. badge number and date and

time the violation took place, about each defendant so that they can be identified for the purpose of service. Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an Amended Complaint that complies with the above directives. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order the Court will dismiss this action without further notice. It is

FURTHER ORDERED that Plaintiff's request to submit information under seal is denied as moot because Plaintiff has been directed to amend his Complaint.

DATED October 28, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge