IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01999-LTB

HAROLD J. NICHOLSON,

    Plaintiff,

v.

JOHN O. BRENNAN, Director Central Intelligence Agency (CIA),
LORETTA LYNCH, US Attorney General, and
TWO UNKNOWN CIA EMPLOYEES,

    Respondents.

---

ORDER GRANTING MOTION TO RECONSIDER

---

Applicant Harold J. Nicholson has filed *pro se*, on January 4, 2016, a request to reopen this case,   ECF No. 16,   in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on December 4, 2015.   The Court dismissed the instant action without prejudice because Applicant failed to comply with a court order within the time allowed.   The Court must construe the request liberally because Applicant is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   For the reasons discussed below, the request will be construed as a Motion to Reconsider filed pursuant to Rule 59(e) and granted.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's request as a Motion to Reconsider filed pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

On October 28, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to amend the Complaint in compliance with Fed. R. Civ. P. 8 and to state how named defendants participated in violating his constitutional rights. Magistrate Judge Gallagher warned Applicant that the action would be dismissed without further notice if he failed to comply within the time allowed. Therefore, when Applicant had failed to comply with the October 28 Order within the time allowed, the Court dismissed the instant action on December 4, 2015.

In the Motion to Reconsider, Applicant asserts that he submitted an amended complaint to an SIS officer on November 19, 2015, for filing with this Court, but because his outgoing mail is subject to CIA monitoring delivery to the Court of the amended

complaint will take two months. He concludes the action should be reopened based on these reasons. Finding an excusable basis for not complying with the October 28, 2015 Order within the time allowed, the Motion to Reconsider will be granted. Plaintiff shall be allowed an additional thirty days for the Court's receipt of the amended complaint. Accordingly, it is

ORDERED that Applicant's Motion to Reconsider, ECF No. 16, filed on January 4, 2016, is GRANTED. It is

FURTHER ORDERED that the Order of Dismissal and the Judgment, both filed on December 4, 2015, are vacated. It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the Pro Se Docket. It is

FURTHER ORDERED that Plaintiff shall inquire about the status of his amended complaint and report to the Court within thirty days of the date of this Order whether he has been apprised that the amended complaint has been approved for release, like the original Complaint was approved. It is

FURTHER ORDERED that Plaintiff's request for appointment of counsel, included in the Motion to Reconsider, ECF No. 16, filed on January 4, 2016, is denied as premature.

DATED at Denver, Colorado, this   7th   day of   January  , 2016.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court